IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEANA G. SILVA-PEARSON,<br><br>    Plaintiff,<br><br>  v.<br><br>BAC HOME LOANS SERVICING, LP, et al.,<br><br>    Defendant.<br>_____/ | No. C 11-01491 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND; GRANTING MOTION TO DISMISS** |

Currently before the Court is plaintiff's motion to remand and defendants' motion to dismiss. These matters came on for hearing on July 1, 2011. Plaintiff and defendants appeared at the hearing by phone. For the following reasons, the Court DENIES plaintiff's motion to remand and GRANTS defendants' motion to dismiss the complaint with prejudice.

**BACKGROUND**

Plaintiff filed her complaint in Marin County Superior Court on January 27, 2011 alleging three causes of action: (1) breach of contract – based on allegations that defendants BAC Home Loan Servicing (BAC) and Bank of America, N.A. breached their duties under a home mortgage loan modification plan ("Plan") by instituting foreclosure proceedings on plaintiff's residence in Petaluma, CA; (2) breach of the implied covenant of good faith and fair dealing – based on the same conduct; and (3) violation of California Civil Code section 2923.52. *See* Docket 1, Ex. 1. On January 31, 2011, plaintiff sought, and the state court granted, a temporary restraining order restraining defendants from foreclosing on plaintiff's residence pending a hearing on the state court's Order to Show Cause. *See* January 31, 2011 Order, Case No. 1100510 Marin County Superior Court.

On March 28, 2011, defendants removed the case to this Court under diversity jurisdiction. On April 4, 2011, defendants filed their motion to dismiss plaintiff's complaint, arguing that plaintiff cannot demonstrate as a matter of law that she had an enforceable modification Plan with defendants and that documents attached to plaintiff's complaint establish that plaintiff failed to make the required trial Plan payments on time, demonstrating that plaintiff breached the Plan. Finally, defendants argue that plaintiff cannot state a cause of action under Section 2932.52 of the California Civil Code. Plaintiff did not file a substantive opposition to defendants' motion.

On April 27, 2011, plaintiff filed a letter requesting the Court to remand this action to state court because it would cause plaintiff undue hardship, in light of her medical conditions and the distance, to travel to Federal District Court. Defendants filed a letter response, objecting to the motion to remand.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz*

*v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**DISCUSSION**

As an initial matter, the Court DENIES plaintiff's motion to remand. Remand to state court cannot be granted on the grounds that litigating in federal court would cause undue hardship on a plaintiff. However, cognizant of plaintiff's situation, the Court allowed plaintiff and defense counsel to appear by phone at the July 1, 2011 hearing in order to avoid the need and expense of traveling to San Francisco.

With respect to the motion to dismiss, defendants argue first that plaintiff's complaint should be dismissed because plaintiff has failed to plead that she is prepared to tender all amounts due and owing under the loan. Defendants rely on a line of cases recognizing that in order to set aside foreclosures, plaintiffs are required to allege tender. *See, e.g., Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (Cal. App. 1st Dist. 1996) ("appellants are required to allege tender of the amount of United's secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure."); *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 580 (Cal. App. 2d Dist. 1984) ("A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender."). Here, however, plaintiff is not seeking to set aside a foreclosure. Indeed, a foreclosure had not yet occurred. Instead, plaintiff's claims are based on defendants' alleged breach

3

of the loan modification Plan and failure to comply with section 2932.52 of the California Civil Code. Defendants cite no cases that require a plaintiff to plead tender or the ability to tender in order to have standing to pursue these causes of action.[1]

Defendants next move to dismiss the breach of contract and breach of the implied covenant claims arguing that plaintiff cannot "establish" the elements for a breach of contract claim. Specifically, defendants contest whether a "contract" exists because the copy of the loan modification Plan attached to plaintiff's complaint at Exhibit C is unsigned by plaintiff or defendants. Defendants note that the Plan provides it shall not be effective until the agreement is signed by both Ms. Pearson and the servicer and the servicer provides her with copy of the fully executed document. *See* Docket No. 1 pg. 24. Plaintiff's complaint, however, unambiguously states that she received the Plan from defendants in May 2010 and that she "fully complied" with the conditions required by the agreement. *See* Notice of Removal, Ex 1, Complaint ¶¶ 18-20. The fact that Ms. Pearson attached an unsigned copy of the Plan to the complaint does not contradict the assertions in her complaint that she fully complied with all conditions to make the Plan effective.

Defendants then argue that evidence plaintiff attached to her complaint regarding payments made under the loan modification Plan demonstrates that plaintiff, not defendants, breached the Plan. Attached to Exhibit C (Docket 1 at 30) is a page with two cashier check receipts and one money order receipt. The two cashier check receipts are for $2020.28. On one, dated May 19, 2010, there is handwritten notation "1st Payment." On the second, dated, May 29, 2010, there is handwritten notation, "2nd Payment." The money order receipt is for $500, dated June 9, 2010 and marked "3rd Payment." *Id*. Also attached to the complaint is a page showing three money order receipts dated August 26, 2010 and totaling $2020.00. *Id*., at 29. Handwritten on that page is the following: "4th Payment. Last Payment." Defendants note that in the loan modification Plan attached by plaintiff, the Plan required payments of $2020.58 on April 1, May 1 and June 1, 2010. Defendants argue that these checks - submitted by plaintiff, attached to her complaint and incorporated therein – demonstrate that she did not

---

[1] Defendants rely on *Alicea v. GE Money Bank*, 2009 U.S. Dist. LEXIS 60813 (N.D. Cal. July 15, 2009) to argue that the tender rule applies where a plaintiff is challenging a pending foreclosure. *See* Motion at 4:14-16. In the *Alicea* case, however, the foreclosure had already occurred and the plaintiff was attempting to "unwind" the foreclosure.

4

comply with the terms of the Plan because they prove plaintiff's payments were not made on time and were not made in the correct amount. The Court agrees.

Plaintiff's complaint acknowledged that the Plan required three payments of $2020.28 on three specific dates. Complaint ¶ 19. The receipts attached by plaintiff to her complaint showed that plaintiff made four sets of payments, but those payments were not made on the dates required by the Plan nor were they in the correct amount. The third payment, for example, was only for $500. Complaint, Exhibit C at 30. During the hearing, plaintiff confirmed to the Court that the receipts attached to her complaint showed *all* of the payments plaintiff made between April and August 2010.

As such, plaintiff cannot state a claim for breach of contract or breach of the implied covenant with respect to defendants' pursuit of a foreclosure when plaintiff's own complaint and the documents incorporated therein, establish that she did not comply with the payment terms under the Plan.

Finally, defendants move to dismiss plaintiff's California Civil Code Section 2923.52 claim. That section – which was repealed effective January 1, 2011 – imposed a 90-day delay in the normal foreclosure process, but allowed an exemption to that delay if lenders enacted loan modification programs that meet certain criteria. *See Vuki v. Superior Court*, 189 Cal. App. 4th 791, 795 (Cal. App. 4th Dist. 2010). However, there is no private right of action under Section 2923.52. *See id.*, at 799.

Reading plaintiff's *pro se* complaint generously, plaintiff may be alleging a violation of Section 2923.5, which requires mortgage loan servicers to contact borrowers to discuss alternatives to foreclosure before filing a notice of default. *See* Cal. Civil Code 2923.5. The remedy for a violation of Section 2923.5, however, is only a postponement in the foreclosure process to allow the servicer and borrower to explore alternatives to foreclosure. *See, e.g., Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (Cal. App. 4th Dist. 2010). Here, any cause of action under that section is barred as a matter of law given plaintiff's own admission that defendants attempted to, or did, negotiate a mortgage modification Plan as an alternative to foreclosure.[2]

---

[2] To the extent that plaintiff is basing her third cause of action on an allegation that defendants violated California's Commercial Code by refusing to produce a copy of her original note before initiating a non-judicial foreclosure, that claim too fails as a matter of law. Plaintiff provides no support for or a citation to a California statutory provision requiring production of an original copy of a mortgage note prior to initiating a non-judicial foreclosure. *See, e.g.*, *Oliver v. Countrywide Home*

5

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court DENIES plaintiff's motion to remand and GRANTS defendants' motion to dismiss. During the hearing, plaintiff requested the opportunity to amend her complaint, to replace "ONEWEST" at page 6, line 23 of her complaint with "Countywide" and to attempt to fix any deficiencies found by the Court. However, plaintiff cannot state a claim for breach of contract or breach of the implied covenant as a matter of law in light of her own admissions regarding the untimely payments. This cannot be cured by giving plaintiff the opportunity to plead additional facts. Similarly, plaintiff cannot state a claim under California Civil Code sections 2923.52 or 2923.5 as a matter of law. Therefore, leave to amend would be futile. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: July 5, 2011

SUSAN ILLSTON
United States District Judge

---

*Loans, Inc.*, 2009 U.S. Dist. LEXIS 94913 (E.D. Cal. Sept. 29, 2009) ("California law does not require production of the original note to proceed with a non-judicial foreclosure"); *Alvara v. Aurora Loan Servs.*, 2009 U.S. Dist. LEXIS 50365 (N.D. Cal. June 15, 2009) ("Under California law, a trustee need not possess a note in order to initiate foreclosure under a deed of trust. *See* Cal. Civ. Code § 2924(a).").